■ PAUL SILBERMAN, Respondent, v PENN GENERAL AGENCIES OF NEW YORK, INC., Appellant.—Order, Supreme Court, New York County, entered January 30, 1978, granting plaintiff's motion for summary judgment and referring the issue of damages to Trial Term Part 7 for assignment to hear and report is unanimously reversed, on the law, and the motion for summary judgment denied, with $60 costs and disbursements of this appeal to appellant. This is an action for damages by a terminated employee for breach of his employment agreement. That contract enumerated the circumstances under which defendant at any time could terminate plaintiff's employment including his material breach of the agreement or "for cause". In its termination letter defendant specified that plaintiff had, indeed, breached the agreement, *inter alia,* in failing to service specified accounts and to devote the necessary time in that endeavor. It further found cause for termination in plaintiff's persistence in making derogatory comments concerning defendant to other employees. Following commencement of this action plaintiff filed for unemployment compensation. Ultimately, plaintiff was awarded benefits on the ground that his employment ended under nondisqualifying conditions thereby exonerating plaintiff of misconduct in connection with employment. (Labor Law, § 593, subd 3.) Based on that award plaintiff moved in this action for summary judgment on the theory that collateral estoppel bars defendant from litigating the issue of the cause for plaintiff's termination. While *res judicata* attaches, when appropriate, to administrative determinations *(United States v Utah Constr. Co.,* 384 US 394; 2 Davis, Administrative Law, § 18.02 [1958, 1970 Supp]), the issue before the administrative body and the court must be the same before collateral estoppel will bar relitigation. (2 Davis, Administrative Law, § 18.04.) The issue before the unemployment compensation tribunal—misconduct under subdivision 3 of section 593 of the Labor Law—though arising from the same factual predicate, differs from the central question in this litigation—plaintiff's breach of his employment contract. An employee may be terminated for cause that does not rise to the level of misconduct disqualifying him from unemployment benefits. *(Matter of James [Levine],* 34 NY2d 491, 496.) The employee who receives unemployment benefits may, nevertheless, be the cause of his own ouster; it was not necessary to a determination of the unemployment insurance claim to resolve whether he is guilty of breach of the employment agreement or otherwise guilty of conduct not rising to the level of disqualification for unemployment benefits.

(See *A. B. Mach. Works v Brissimitzakis,* 51 AD2d 915.) Concur—Evans, J. P., Fein, Lane, Markewich and Sandler, JJ.