■ GERALD BARNHARDT, Respondent, v HUDSON VALLEY DISTRICT COUNCIL OF CARPENTERS BENEFIT FUNDS, Defendant and Third-Party Plaintiff-Respondent. CONTINENTAL ASSURANCE COMPANY, Third-Party Defendant-Appellant.—Harvey, J. Appeal from an order of the County Court of Sullivan County (Hanofee, J.), entered February 22, 1984, which denied third-party defendant's motion for summary judgment dismissing the complaint and third-party complaint.

In May 1978, while doing general maintenance and repair work at an apartment complex, plaintiff fell and broke his leg. He did the maintenance work at the apartment complex on an irregular and occasional basis whenever there was a need for his services. He was paid at an hourly rate but no wages were withheld for tax purposes. Plaintiff filed for workers' compensation benefits, but his claim was denied on the basis that there was no employer-employee relationship. Although part of plaintiff's medical bills were paid by his own health insurance, plaintiff filed a claim for coverage of the balance of his medical expenses with defendant and third-party plaintiff, Hudson Valley District Council of Carpenters Benefit Funds (hereinafter Benefit Funds). As a member of the local carpen-

ter's union, plaintiff was eligible for benefits of various types through an insurance policy purchased by the union for its members.

Plaintiff sought reimbursement for his unpaid medical expenses under the group health and accident insurance policy issued to Benefit Funds by third-party defendant, Continental Assurance Company (hereinafter Continental). Continental rejected plaintiff's claim on the basis that he was an employee of the apartment complex and that coverage for injuries arising out of an employment status was excluded under the provisions of the group health and accident insurance policy. The exclusion or policy limitation provided that no medical benefits would be payable where the "accidental bodily injury or sickness (arose) out·of or in the course of employment, or which is compensable under any Workmen's Compensation or occupational disease act or law". Plaintiff then commenced the instant action Benefit Funds, which commenced a third-party action against Continental seeking indemnification. Continental moved for summary judgment dismissing both complaints. The motion was denied by County Court upon a finding that the exclusionary language in the policy was ambiguous. Continental appeals that decision.

An insurance policy is a contract which is to be interpreted or construed in the same manner as other contracts *(Green Bus Lines v Consolidated Mut. Ins. Co.,* 74 AD2d 136, *lv denied* 52 NY2d 701). Ordinarily, construction or interpretation of a contract is a matter of law for the courts *(Hartford Acc. & Indem. Co. v Wesolowski,* 33 NY2d 169, 172; *Quinn v Buffa,* 97 AD2d 752, 753; *Triboro Coach Corp. v State of New York,* 88 AD2d 202, 204). In construing a contract, courts seek to ascertain what the parties intended from the language they employed in the writing *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 291). Where the language used is ambiguous, resort may be had to extrinsic evidence. In such a case, the task of interpreting the writing becomes one for the jury *(Hartford Acc. & Indem. Co. v Wesolowski, supra,* p 172; *see,* 22 NY Jur 2d, Contracts, § 195). However, where, as here, there is no indication of the existence of extrinsic evidence material to the resolution of the ambiguity, construction of the contract is a matter of law for the court *(Hartford Acc. & Indem. Co. v Wesolowski, supra,* p 172).

In interpreting an insurance policy, we are to give its words their plain and ordinary meaning *(Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398). The word "employment" in the exclusionary phrase is capable of more than one

meaning. Its meaning as used most frequently in legal matters refers to the activities of one performing services for another in an employer-employee relationship. Where a word may be ambiguous, it is to be construed against the insurer, as the drafter of the contract of insurance *(id.,* p 398; *De Forte v Allstate Ins. Co.,* 81 AD2d 465, 469, *appeal dismissed* 54 NY2d 1027). This is particularly so where, as here, the section of the policy at issue is exclusionary in nature *(Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., supra,* p 398). Therefore, we hold that the phrase at issue in the policy is an exclusion only when an employer-employee relationship exists.

There is an unanswered question presented in this record as to the nature of plaintiff's work at the apartment complex. Specifically, the issue is whether an employer-employee relationship existed between the apartment owners and plaintiff *(see, 175 Check Cashing Corp. v Chubb Pac. Indem. Group,* 95 AD2d 701). A question of fact exists to be determined at trial *(see, Ronder & Ronder v Nationwide Abstract Corp.,* 99 AD2d 608). Determination of this issue at a prior workers' compensation hearing does not establish, by collateral estoppel, nonemployment as plaintiff contends. It is apparent that Benefit Funds, which did not participate in the prior proceedings, had no full and fair opportunity to contest the decision. Collateral estoppel may not be involved against a party under those circumstances *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485).

Order affirmed, with costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.