Matthew Marion FONDEL,
Plaintiff–Appellant,

v.

GRUMMAN AEROSPACE CORPORATION, Stephanie White, Loretta Gagne, Frank Schiafano, Thomas Gould, Travis MacClendon, John Fussel, Neil Klaskin, Defendants–Appellees.

No. 1097, Docket 89–7058.

United States Court of Appeals,
Second Circuit.

Argued May 22, 1989.

Decided Aug. 29, 1989.

Matthew M. Fondel, Manhasset, N.Y., pro se.

John B. Ball, Syosset, N.Y., for defendant-appellee Grumman Aerospace Corp.

Before VAN GRAAFEILAND, MESKILL and WINTER, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Matthew Marion Fondel, *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York which followed a non-jury trial before Judge Mishler. The judgment dismissed Fondel's complaint alleging racial discrimination by Grumman Aerospace Corporation and several of its employees and awarded Grumman $7,861.66 on its counterclaim for relocation expenses. We affirm.

Fondel, a black man, was hired by Grumman as an electrical engineer on October 13, 1986. The district court found that Fondel's relationship with his superiors at Grumman was marked by insubordination, an uncooperative and combative attitude and a failure to carry out tasks as assigned. On the morning of July 29, 1987, two of Fondel's supervisors met with him and gave him a document entitled "Warning of Unsatisfactory Job Performance and Conduct", which listed four categories of deficiency in his performance. Later that morning, Fondel entered a supervisor's office, picked up some papers and struck the supervisor across the face with them. Fondel then left Grumman intending not to return.

On July 31, 1987, Grumman informed Fondel that he was suspended as of July 29, 1987. After Fondel failed to return to work, Grumman terminated him by letter dated August 12, 1987.

Fondel alleged in his complaint that Grumman discriminated against him in his conditions of employment, in denying him a promotion, and in ultimately terminating him. In addition to a general denial, Grumman's answer contained a counterclaim seeking recovery under a Relocation Reimbursement Agreement that Fondel signed when he was hired. The agreement stated in part:

I agree that if, before the expiration of twelve months from the date of hire I ... vacate the position without authority, or if I am removed for cause, I will, upon demand repay to the said Grumman Aerospace Corporation a sum of money equal to that paid to or for me for transportation and relocation expenses for myself and my dependents.

The district court held that Fondel failed to establish a prima facie case of racial discrimination, and that in any event, he did not show that Grumman's legitimate non-discriminatory reasons for terminating him were pretextual. The district court also held for Grumman on its counterclaim, finding that Fondel vacated his position without authority when he left Grumman on July 29, 1987, and that he was terminated for cause on August 12, 1987.

The district court's decision has adequate support in the record. We write only to address Fondel's argument that Grumman is precluded from recovering on its counterclaim by a decision of the New York State Department of Labor holding Fondel entitled to unemployment insurance.

The Department of Labor's claim examiner decided that Fondel was disqualified for unemployment insurance on two grounds: (a) voluntarily leaving employment without good cause, and (b) losing employment through misconduct. *See* N.Y.Labor Law § 593(1) and (3). Following Fondel's appeal, a hearing was held before an Administrative Law Judge, at which only Fondel appeared. Based on Fondel's undisputed testimony regarding the circumstances surrounding his termination, the ALJ reversed the claim examiner's decision. The ALJ found that Fondel was not guilty of misconduct since he denied ever striking his supervisor, and that he did not voluntarily leave his employment since he testified that he had asked for and received a leave of absence. Fondel argues that these findings collaterally estop Grumman from pursuing its counterclaim in the present action. We disagree.

When a state administrative agency, acting in a judicial capacity, resolves disputed issues of fact properly before it,

which the parties had an adequate opportunity to litigate, a federal court must give the agency's fact-finding the same preclusive effect to which it would be entitled in the state's courts. *University of Tennessee v. Elliott*, 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986). New York courts give collateral estoppel effect to decisions of administrative agencies, provided the person against whom the doctrine is urged had the incentive and the opportunity to participate in the administrative decision-making process and the issue in the second proceeding is the same as the issue in the administrative proceeding. *See Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). The party against whom the doctrine is urged has the burden of negating the first issue. The party urging application of the doctrine has the burden of proving the second. *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485, 414 N.Y.S.2d 308, 386 N.E.2d 1328 (1979); *Schwartz v. Public Administrator*, 24 N.Y.2d 65, 73, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969).

In the instant case, neither the defendants nor anyone in privity with them was a party to the Unemployment Insurance Proceeding, and none of them would be affected by the result. *See Barnhardt v. Hudson Valley District of Carpenters Benefit Funds*, 114 A.D.2d 701, 703, 494 N.Y.S.2d 667 (1985). Moreover, there was no identity in the pertinent issues. The first issue before the ALJ was whether Fondel was guilty of misconduct in his employment that disqualified him from unemployment benefits under N.Y.Labor Law § 593(3). The issue before the court below was whether Fondel had been terminated "for cause" for purposes of the Relocation Reimbursement Agreement. Under New York law an employee's conduct may be such that it justifies a "for cause" dismissal, yet not rise to the level of misconduct that disqualifies him from unemployment insurance. *Matter of Hulse (Levine)*, 41 N.Y.2d 813, 814, 393 N.Y.S.2d 386, 361 N.E.2d 1034 (1977) (mem.); *Matter of De Grego (Levine)*, 39 N.Y.2d 180, 184, 383 N.Y.S.2d 250, 347 N.E.2d 611 (1976). Consequently, although Fondel was found not to have committed such acts of misconduct as disqualified him from benefits, he still could be found to have been sufficiently deficient in his job performance to justify a "for cause" termination. *Silberman v. Penn General Agencies of New York, Inc.*, 63 A.D.2d 929, 406 N.Y.S.2d 93 (1978).

Because dismissal for cause was sufficient, standing alone, to sustain the award on Grumman's counterclaim, we need not decide whether the ALJ's finding that Fondel did not voluntarily leave his employment precludes litigation of the second issue in Grumman's counterclaim, *i.e.*, whether Fondel vacated his position without authority.

We have reviewed Fondel's remaining claims and find them to be without merit. Accordingly, the judgment of the district court is affirmed.