In re John R. DEVITT, Debtor.

James Dwight SNYDER, Plaintiff,

v.

John R. DEVITT, Defendant.

Bankruptcy No. 86–B–1338–JS.
Adv. No. A89–0117–JS.

United States Bankruptcy Court,
D. Maryland.

March 27, 1991.

Paul Victor Jorgensen, Middletown, Md., for plaintiff.

F. Thomas Rafferty, Blum, Yumkas, Mailman, Gutman & Denick, Baltimore, Md., for defendant.

## MEMORANDUM OPINION DENYING CREDITOR/PLAINTIFF'S MOTION FOR JURY TRIAL ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

JAMES F. SCHNEIDER, Bankruptcy Judge.

### FINDINGS OF FACT

1. The instant complaint to determine dischargeability of debt was filed by the plaintiff on April 4, 1989.

2. The complaint alleges that the debtor, John R. Devitt, was hired by the plaintiff to provide accounting and financial services in the early 1980s. Later, the debtor allegedly informed the plaintiff that the debtor was setting up an investment firm and allegedly invited the plaintiff to invest funds secured by second mortgages on valuable real estate.

3. In April and June of 1984, the plaintiff claims to have given the debtor $18,500 to be invested in accordance with the debtor's suggestions. The complaint charges that the plaintiff's funds were misappropriated by the debtor.

4. On June 20, 1986, John R. Devitt filed a voluntary Chapter 7 bankruptcy petition in this Court, allegedly without notice to the plaintiff, whose claim was not listed in the debtor's schedules.

5. The plaintiff claims that the debtor obtained the plaintiff's money through false pretenses and fraudulent misrepresentations. The complaint prays an order from this Court determining the debt to be nondischargeable, compensatory damages in the amount of $74,000 and punitive damages of $100,000 and reimbursement of costs and expenses.

6. The plaintiff is a creditor who filed a claim in these proceedings on January 12, 1987 in the total amount of $12,742.80. The claim is based upon a promissory note purportedly signed by the debtor on October 31, 1983. Proof of claim no. 123.

7. The debtor received a bankruptcy discharge on June 10, 1987, nearly two years before the instant complaint was filed.

8. On May 15, 1989, the debtor filed a motion to dismiss the complaint on grounds of limitations, which this Court denied by order [P. 11] dated November 28, 1989. The complaint states a cause of action pursuant to Section 523(a)(2), (4) and (6). On January 29, 1990, the debtor filed an answer [P. 15].

9. The motion is based solely upon the decision of the Supreme Court in the case of *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), which held that a creditor who had never filed a claim in a bankruptcy case was entitled to a jury trial on a complaint filed against him in a bankruptcy court by a bankruptcy trustee to set aside a fraudulent transfer. The Court relied upon its earlier decision in *Katchen v. Landy*, 382

U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) which held that the filing of a claim by a creditor subjected the creditor to the summary jurisdiction of the bankruptcy court when the allowance of that claim was the question before the court:

> ... [A] creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate, not upon Congress' precise definition of "the bankruptcy estate" or upon whether Congress chanced to deny jury trials to creditors who have not filed claims and who are sued by a trustee to recover an alleged preference.

492 U.S. at 58, 109 S.Ct. at 2799, 106 L.Ed.2d at 51.

10. In a footnote on the preceding page, the Court clarified its holding in *Katchen:*

> Although we said in *Katchen v. Landy*, 382 U.S. at 336 [86 S.Ct. at 476] that the petitioner *might* have been entitled to a jury trial had he presented no claim against the bankruptcy estate, our approving references not only to [*Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185] [ (1932) ] but also to *Adams v. Champion*, 294 U.S. 231, 234 [55 S.Ct. 399, 400, 79 L.Ed. 880] (1935) and *Buffum v. Barceloux Co.*, 289 U.S. 227, 235–236 [53 S.Ct. 539, 542–543, 77 L.Ed. 1140] (1933), see 382 U.S., at 327–328 [86 S.Ct. at 471–472], demonstrate that we did not intend to cast doubt on the proposition that the petitioner in *Katchen* would have been entitled to a jury trial had he not entered a claim against the estate and had the bankruptcy trustee requested solely legal relief. We merely left open the possibility that a jury trial might not be required because in some cases preference avoidance actions are equitable in character.

*Granfinanciera*, footnote 13, 492 U.S. at 58, 109 S.Ct. at 2799, 106 L.Ed.2d at 51.

11. In the instant complaint, unlike *Granfinanciera*, the plaintiff seeks a determination that his claim against the debtor-defendant is nondischargeable. The plaintiff claims to be entitled to a jury trial because he asserts that (1) the cause of action, even though a core proceeding, is legal rather than equitable and (2) the cause of action involves a private right rather than a public right.

CONCLUSIONS OF LAW

■ 1. This Court has consistently held that a jury trial is not available to a Chapter 7 debtor defending a complaint to determine dischargeability. *In re Lee*, 50 B.R. 683 (Bankr.D.Md.1985); *In re Willie J. Brown*, 56 B.R. 487 (Bankr.D.Md.1985); and *In re Calvin R. Brown*, 103 B.R. 734 (Bankr.D.Md.1989).

2. In the *Calvin R. Brown* case, *supra*, decided after *Granfinanciera*, it was stated that:

> The recent decision of the Supreme Court in *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) does not alter the result in this case. *Granfinanciera* held that one who had not asserted a claim in a bankruptcy estate was entitled to a jury trial on a suit to recover a fraudulent conveyance brought by the bankruptcy trustee because the nature of the relief sought was legal rather than equitable (the recovery of a certain sum of money.)
>
> By contrast, the instant cause of action involving the administration of a bankruptcy estate by the bankruptcy court in the exercise of its traditional equity jurisdiction in the adjustment of the debtor-creditor relationship is equitable in nature. In the case of a complaint to determine dischargeability, a debtor has never been entitled to a trial by jury. Therefore, the debtor in the instant case is not entitled to a trial by jury and his prayer for jury trial must be DENIED.

*Id.*

3. According to *Granfinanciera*, *supra*, the question of whether a party is entitled to a trial by jury in a bankruptcy matter is to be determined by the following three-pronged test:

> ... "First, we compare the statutory action to 18th–century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and

determine whether it is legal or equitable in nature." *Tull v. United States*, 481 U.S. 412, 417–418 [107 S.Ct. 1831, 1835, 95 L.Ed.2d 365] (1987) (citations omitted). The second stage of this analysis is more important than the first. *Id.*, at 421 [107 S.Ct. at 1837]. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

492 U.S. at 42, 109 S.Ct. at 2790, 106 L.Ed.2d at 41.

4. The plaintiff is not entitled to a jury trial on a complaint to determine dischargeability of a particular debt because such a determination is strictly within the equitable jurisdiction of the bankruptcy court. *In re Perry*, 111 B.R. 861 (Bankr.C.D.Cal. 1990); *In re Hooper*, 112 B.R. 1009 (9th Cir.B.A.P.1990).

5. In some cases, a creditor bringing a complaint to determine dischargeability of debt is already the holder of a prepetition money judgment obtained against the debtor in another forum. Because the only function of the bankruptcy court in that scenario is the determination within its equitable jurisdiction of the dischargeability of a debt and not strictly the liquidation of the amount of the debt, *Perry* and *Hooper* hold that the creditor would not be entitled to a trial by jury. However, *Hooper* says in dicta that if both the legal and equitable jurisdiction of the bankruptcy court must be exercised in the situation where the debt which the creditor seeks to have declared nondischargeable must also be reduced to judgment at the same time, then the trial must be bifurcated and the creditor is entitled to a jury trial on the money judgment issue.

6. In *Hooper*, the Ninth Circuit Bankruptcy Appellate Panel said that if the debt in that case had been declared to be nondischargeable, the bankruptcy court would have committed reversible error if it had proceeded to render a money judgment against the debtor without affording the creditor the right to a jury trial. The panel reasoned that the plaintiff would be entitled to a separate trial by jury on the money judgment issue.

7. This Court notes two flaws in this reasoning. First, if the debt had been declared nondischargeable, only the *debtor* would have had the right to appeal, and then not on the denial of a jury trial to the creditor! The second and perhaps the greatest flaw in this reasoning, in addition to the illogical and cumbersome procedure it would require, is the disregard of the well-known maxim that once equitable jurisdiction has been properly invoked it will proceed to render a full and complete disposition of the controversy. This is obvious, not only to prevent a duplication of effort and a multiplicity of suits, but more importantly because the bankruptcy court alone has exclusive jurisdiction to determine dischargeability of debts under Bankruptcy Code Section 523(a)(2), (4) and (6), pursuant to Section 523(c). *See* 3 *Collier on Bankruptcy* ¶ 523.13[9] (15th ed. 1990); 11 U.S.C. § 523(c) (1988).

8. If it is acknowledged as beyond question that a complaint to determine dischargeability of a debt is exclusively within the equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain without the assistance of a jury. This is true not merely because equitable jurisdiction attaches to the entire cause of action but more importantly because it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt.

9. This Court agrees with the reasoning employed by U.S. District Judge Mihm of the Central District of Illinois in holding that a jury trial was not available to a debtor in a dischargeability complaint in the case of *In re Hallanan*, 113 B.R. 975 (C.D.Ill.1990), which is equally applicable to the case *sub judice:*

... It is clearly established that the right to trial by jury exists only with respect to issues at common law and does not exist with respect to issues tried

by a court in its equity jurisdiction. *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Proceedings of bankruptcy courts, as noted above, are inherently equitable proceedings ...

While the appellant [debtor] argues that the procedure here was a court action seeking damages and therefore was traditionally triable to a jury, the Court disagrees. This proceeding was an action to determine whether [the plaintiffs] had a valid claim against the [debtor] and, if so, the amount and dischargeability of that claim. Such proceedings are solely creatures of the Bankruptcy Code and had no existence at common law. Thus, the first prong of the *Granfinanciera* test has not been met. Furthermore, it is clear that the dischargeability or non-dischargeability of a particular claim is a decision made by the bankruptcy court under the equitable powers granted it by Congress. *See, Katchen* (proceedings of bankruptcy courts are inherently equitable); *Thorp Credit, Inc. v. Lee*, 50 B.R. 683 (Bankr.D.Md.1985); *Billebault v. Schmid*, 54 B.R. 520 (Bankr.E.D.Pa.1985).

The mere fact that the relief sought by [the plaintiffs] was monetary damages does not necessarily render the action one at law. Every determination by a bankruptcy court of the validity of a claim is in essence a determination of whether a creditor is entitled to monetary damages from the debtor.

Thus, this Court holds that the issues of the validity or existence or amount of a claim are inextricably interwoven with the issue of dischargeability and are therefore within the equitable jurisdiction of the bankruptcy court.

113 B.R. at 982.

10. The fact that Mr. Snyder is also a creditor who filed a proof of claim is not the reason his motion for trial by jury is being denied. The filing of a claim by a creditor is only dispositive of the creditor's right to a jury trial *when he is being sued in the bankruptcy court. However, when a creditor voluntarily submits himself to bankruptcy jurisdiction by filing a lawsuit in the bankruptcy court against a debtor on an equitable cause of action, he is not entitled to a jury trial under the Seventh Amendment.*

 11. In the absence of a Congressional mandate, U.S. bankruptcy courts are without authority to conduct trials by jury. This lends further support to the proposition that a creditor/plaintiff is not entitled to a trial by jury on a core matter which is within the exclusive, equitable jurisdiction of the bankruptcy court.

For all these reasons, the motion for trial by jury will be DENIED.

ORDER ACCORDINGLY.