**In re James H. HARRIS, Debtor.**

**UNITED STATES FIRE INSURANCE COMPANY, and Urban Service Systems, Inc., Plaintiffs,**

v.

**James H. HARRIS, Defendant.**

**Bankruptcy No. 88–00888–AT.**
**Adv. Pro. No. 89–0623–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 14, 1993.

Bruce A. Levine, Montedonico, Hamilton & Altman, Fairfax, VA, for plaintiffs.

John K. Lally, Springfield, VA, for defendant.

**136**

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This adversary proceeding comes before the court for a determination of damages incurred by plaintiff. The court previously granted summary judgment in favor of plaintiff on their complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) & (a)(6), *see United States Fire Insurance Company and Urban Service Systems, Inc. v. Harris (In re Harris),* Case No. 88–00888–AT, APN 89–0623 (September 10, 1990), and the court's ruling has been affirmed on appeal. *See United States Fire Insurance Company and Urban Service Systems, Inc. v. Harris (In re Harris),* 952 F.2d 1396 (4th Cir. 1992) (unpublished opinion). The issue here is to determine the amount of damages, if any, and enter judgment accordingly. For the reasons stated from the bench and in this memorandum opinion the court finds that a judgment should be entered in favor of the plaintiff in the amount of $11,620.40.

### Facts

The crux of plaintiff's complaint involved a 1985 Mack truck that had been stolen from its premises and damaged. The cost of restoring the vehicle to its previous condition was approximately $18,000.00.

Debtor received the vehicle, altered it, and converted it to his own use. Because of these actions debtor was indicted in the Circuit Court of Fairfax County, Virginia, for the felony of receiving stolen property and eventually pleaded guilty to the offense.

The damage and repair costs can be summarized as follows:

| | Damage | Cost to Repair |
|---|---|---|
| (1). | Front assembly (i.e., bumper, grill, lights, hood, radiator, etc.) was removed and replaced with 1972–73 assembly. | $7,000.00 |
| (2). | Rear hydraulic hoist removed, and a different specialized hoist was attached. | $11,740.00 |
| (3). | Truck re-painted green. | $940.00 |

### Discussion and Conclusions of Law

The court concludes from the evidence that debtor is responsible for the damage to the rear of the truck and for restoring its original color. However, debtor has already paid plaintiff $1,060.00 to redeem his hoist that he had placed on the truck and will be credited for this payment. Therefore, the court determines the damages excepted from discharge to be $11,620.47.

■ The only remaining question is whether this court should grant a money judgment for the plaintiff in the same amount. I am aware that a District Court in this district has held that a bankruptcy court does not have jurisdiction to enter a monetary judgment in a § 523 proceeding. *See Scialdone v. United Virginia Bank (In re Scialdone),* Civ. No. 88–189–N (E.D.Va. June 9, 1988) (unpublished opinion). While the district court's ruling should be given deference, it is not necessarily controlling on this court under the *stare decisis* doctrine. *See In re Shattuc Cable Corp.,* 138 B.R. 557, 567 (Bankr. N.D.Ill.1992); *contra Wright v. Transamerica Financial Services, Inc. (In re Wright),* 144 B.R. 943, 949 (Bankr.S.D.Ga. 1992)

■ Pursuant to 11 U.S.C. § 523(c), the bankruptcy court has exclusive equitable jurisdiction to determine dischargeabili-

ty of debts under 11 U.S.C. § 523(a)(2), (4) and (6). *See* 3 Lawrence P. King, Collier on Bankruptcy ¶ 523.13[9] (15th ed. 1993). Moreover, because dischargeability complaints are core proceedings, 28 U.S.C. § 157(b)(2)(I), the bankruptcy court is authorized to enter final orders and decrees in such matters. 28 U.S.C. § 157(b)(1).

 It is a well-known maxim that once equitable jurisdiction has been properly invoked it will proceed to render a full and complete disposition of the controversy. *Porter v. Warner Holding Co.,* 328 U.S. 395, 399, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946); *Alexander v. Hillman,* 296 U.S. 222, 242, 56 S.Ct. 204, 211, 80 L.Ed. 192 (1935); *Snyder v. Devitt (In re Devitt),* 126 B.R. 212, 215 (Bankr.D.Md.1991). This obviously prevents duplication of effort, multiplicity of suits, and promotes judicial economy. Moreover, if it is acknowledged as beyond question that a complaint to determine dischargeability of a debt is exclusively within the equitable jurisdiction of the bankruptcy court, then it must follow that the bankruptcy court may also render a money judgment in an amount certain. *N.I.S. Corporation and Ozark Life Insurance Company v. Hallahan (Matter of Hallahan),* 936 F.2d 1496, 1508 (7th Cir. 1991); *Siemens Components, Inc. v. Choi (In re Choi),* 135 B.R. 649, 650–51 (Bankr. N.D.Cal.1991); *In re Devitt,* 126 B.R. at 215; *Kinney v. Higher Education Assistance Foundation (Matter of Kinney),* 114 B.R. 670, 671 (Bankr.D.Neb.1990);[1] *but see In re Hooper,* 112 B.R. 1009 (9th Cir.B.A.P. 1990); *Scialdone v. United Virginia Bank (In re Scialdone),* Civ. No. 88–189–N (E.D.Va. June 9, 1988) (unpublished opinion). This is true not merely because equitable jurisdiction attaches to the entire cause ·of action but more importantly because it is impractical and unreasonable to separate the determination of · the dischargeability function from the function of fixing the amount of the nondischargeable debt. *In re Devitt,* 126 B.R. at 215.

Every determination by a bankruptcy court of the validity of a claim is in essence a determination of whether a creditor is entitled to monetary damages from the debtor. *In re Devitt,* 126 B.R. at 216 (citing *In re Hallanan,* 113 B.R. 975, 982 (C.D.Ill.1990)). In my opinion, the issues of the validity or existence or amount of a claim are inextricably interwoven with the issue of dischargeability and are therefore within the equitable jurisdiction of the bankruptcy court.

Since in my view an independent legal analysis of the issue rather strongly supports the view that bankruptcy courts have jurisdiction to render money judgments in dischargeability cases, I have determined not to follow the district court's ruling to the contrary in *In re Scialdone. See Ellenberg v. Henry (In re Henry),* 38 B.R. 24, 27–28 (Bankr.N.D.Ga.1983). Accordingly, the court will grant a money judgment in favor of plaintiff in the amount of $11,-620.47.

A separate order will be entered.

*Bank v. Hickman (Matter of Hickman),* 410 F.Supp. 528, 533 (W.D.Mo.1976) ("this statute clearly empowers the Bankruptcy Judge to enter money judgment").

**1.** There seems to be no question that bankruptcy courts had the power to enter money judgments in dischargeability suits under the former Bankruptcy Act § 17(c). *See e.g., Callaway*