In re Peter NEDELKA, Debtor.

**PEERLESS INSURANCE COMPANY, Plaintiff,**

v.

**Peter NEDELKA, Defendant.**

**Bankruptcy No. 92–50666.
Adv. No. 92–5141.**

United States Bankruptcy Court,
D. Connecticut.

June 30, 1993.

Thomas G. Benneche, Mayo, Gilligan & Zito, Wethersfield, CT, for plaintiff.

Maria G. Raus, Freccia & Plotkin, Stamford, CT, for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

The plaintiff has moved for summary judgment in the above captioned adversary proceeding to determine that the debt it is owed by the defendant is not dischargeable under 11 U.S.C.A. § 523(a)(2)(A) (West 1993). The motion is granted because the relevant issues have been tried and determined in a hearing before a state workers' compensation commissioner and thus the defendant is barred by the doctrine of collateral estoppel from retrying those issues.

### BACKGROUND

On December 13, 1991, a hearing was conducted by a state workers' compensation commissioner (the "Commissioner"), who, on February 17, 1992, issued a Finding and Order. *Nedelka v. Gurdek et al.*, (Feb. 17, 1992, Workers' Comp. Comm'n. 7th Dist.). The relevant findings follow.

In November of 1989, the defendant submitted a workers' compensation claim to the plaintiff for an injury he sustained while working as an independent construction contractor. *Id.* at 2. The defendant falsely claimed that he was an employee of Gurdek at the time he sustained the injury. *Id.* at 2–3. Gurdek carried workers' compensation insurance with the plaintiff. *Id.* at 2. The plaintiff paid $38,178.63 to the defendant on the basis of his claim which was submitted with Gurdek's assistance and complicity. *Id.* at 2–3. The plaintiff discovered that the claim was false, *id.* at 3, and brought an action before the workers' compensation commission to rescind the benefits paid to the defendant.

From those facts the Commissioner found that the defendant

was not an employee of Gurdek ... when he injured his finger; that his claim for

compensation herein has no basis in fact, and was accepted by the said Peerless Insurance Co. only because of false information given by the claimant [the defendant] with the duplicity of Gurdek; that the said Peerless Insurance Co., in reliance upon said false information, has mistakenly paid to or on behalf of the claimant $38,178.63 in benefits to which claimant was not and is not now entitled . . .

*Id.* at 3. The Commissioner ordered the defendant to repay the plaintiff $38,178.63. *Id.* at 4.

On February 28, 1992, the defendant commenced this case under chapter 7 of the Bankruptcy Code. On May 26, 1992, the plaintiff commenced this adversary proceeding and, on November 4, 1992, filed the instant motion for summary judgment.

## DISCUSSION

### 1.

### Summary Judgment

Rule 56(c) Fed.R.Civ.P., made applicable by Rule 7056 Fed.R.Bankr.P., provides that summary judgment shall enter when:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In determining whether summary judgment should enter, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn and all ambiguities are to be resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir.1987).

The outcome of the underlying adversary proceeding requires a determination of whether the debt owed to the plaintiff was "for money ... obtained by ... false pretenses, a false representation, or actual fraud ..." § 523(a)(2)(A). If it was, the obligation is not dischargeable. The resolution of this motion for summary judgment, however, turns on whether that factual issue was raised, litigated, and actually decided by the prior order of the Commissioner and whether that order is the equivalent of a judgment of a court. If both of those inquiries are decided in the plaintiff's favor, the doctrine of collateral estoppel will bar the relitigation of that factual issue in this court.

### 2.

### Collateral Estoppel

■ "[A] fundamental precept of common-law adjudication is that an issue once determined by a competent court is conclusive." *Arizona v. California*, 460 U.S. 605, 619, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). Collateral estoppel bars "the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding between the parties, if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim." *Nat'l Labor Relations Board v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983); *In re Edwards*, 151 B.R. 19, 21–22 (Bankr.D.Conn.1993).

If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, [of the Bankruptcy Act, the predecessor to Code § 523(a)] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Brown v. Felson*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979); *see also Grogan v. Garner*, 498 U.S. 279, 284–85, 111 S.Ct. 654, 658, 112 L.Ed.2d 755 (1991) (applying collateral estoppel based on a prior state court judgment).

■ Code § 523(a) provides in relevant part:

A discharge under § 727 ... of this title does not discharge an individual debtor from any debt—

...

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...

In order to prove fraud under § 523(a)(2)(A) it must be shown that:

(1) a party made a false representation; (2) the party knew the representation to be false; (3) the representation was made with the intent of deceiving or inducing another to act to his or her detriment; and (4) the other party acted in reliance upon the representation to his or her detriment.

*In re Barnett*, 115 B.R. 22, 24 (Bankr. D.Conn.1990). The plaintiff, as the party objecting to the dischargeability of the debt, has the burden of proving each of those elements by a fair preponderance of the evidence. *Grogan v. Garner, supra,* 498 U.S. at 291, 111 S.Ct. at 661.

■ During the hearing on the instant motion, counsel for the plaintiff stated that the December 13, 1991 hearing before the Commissioner was a full evidentiary hearing in which both sides participated and in which the burden of proof and rules of evidence were the same as in federal court. Counsel for the defendant did not dispute that assertion.

On February 17, 1992, the Commissioner issued a Finding and Order which included findings on the issues of fact which would have been considered at a § 523(a)(2)(A) hearing, i.e., that the defendant, in collusion with Gurdek, deliberately stated to the plaintiff that he was employed by Gurdek when in fact he was not so employed; that the statement was intended to induce the plaintiff to pay insurance benefits to the defendant; and that the plaintiff relied on that statement to its detriment by paying those benefits. *Nedelka v. Gurdek, supra,* at p. 2–3. The Commissioner's findings

were essential to his order that the defendant repay the plaintiff.

Accordingly, I conclude that all of the elements of collateral estoppel have been proven by the plaintiff and the only remaining issue is whether collateral estoppel is applicable when the issues which are sought to be precluded were decided by a Connecticut workers' compensation commissioner.

■ The findings of a state administrative agency must be given preclusive effect when those findings are made pursuant to proceedings which meet certain standards.

[W]hen a state agency "acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate," federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts.

*University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1985), *quoting United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *Astoria Federal Sav. and Loan Ass'n v. Solimino,* —— U.S. ——, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991); *Fondel v. Grumman Aerospace Corp.,* 884 F.2d 657, 658–59 (2d Cir.1989).

[A] decision by an administrative agency cannot be the basis for collateral estoppel unless it was an adjudicative decision. An agency action granting or denying a privilege is not an adjudicative decision unless the agency has made its decision using procedures substantially similar to those employed by the courts.

*Metromedia Corp. v. Fugazy,* 983 F.2d 350, 366 (2d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993); *Delameter v. Schweiker,* 721 F.2d 50, 53 (2d Cir.1983) (per curiam).

There is no dispute that the workers' compensation commission was acting in a judicial capacity when the Commissioner conducted the hearing on December 13, 1991. Under Connecticut law:

after the conclusion of any hearing ... the commissioner shall send to each party a written copy of his findings and

award.... If no appeal from his decision is taken by either party within ten days thereafter, such award shall be final and may be enforced in the same manner as a judgment of the superior court.

Conn.Gen.Stat.Ann. § 31–300 (West Supp. 1992).

■ The defendant commenced this chapter 7 case one day after the statutory right of appeal expired. Thus the Commissioner's order is final, *see Corona v. Uniroyal Chemical, Inc.*, 1991 WL 91485 (No. 987 CRD–5–90–3, Conn.Wrk.Comp. Comm'n., March 31, 1991) (the failure to appeal within 10 days deprived the compensation review division of subject matter jurisdiction), and entitled to preclusive effect.[1]

### 3.

### Relief Requested

■ The plaintiff requests an order that its claim is not dischargeable and judgment in the amount of $38,178.63 plus attorney's fees and interest pursuant to Conn.Gen.Stat.Ann. § 37–3a (West Supp. 1993).[2] Having found that the Commissioner's order precludes relitigation of whether the $38,178.63 debt owed to the plaintiff is dischargeable, I conclude that it is appropriate to enter judgment in that amount to save the parties the time and expense of going to state court to achieve that result. "[O]nce equitable jurisdiction has been properly invoked it will proceed to render a full and complete disposition of the controversy." *In re Harris*, 155 B.R. 135, 137 (Bankr.E.D.Va.1993), *citing Porter v. Warner Holding Co.*, 328 U.S. 395, 399, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946). The determination of liability by bankruptcy courts, in § 523(a) actions contesting the dischargeability of debts,

prevents duplication of effort, multiplicity of suits, and promotes judicial economy.... [T]he issues of the validity or existence or amount of a claim are inextricably interwoven with the issue of dischargeability and are therefore within the equitable jurisdiction of the bankruptcy court.

*In re Harris, supra*, 155 B.R. at 137; *In re McLaren*, 990 F.2d 850, 853 (6th Cir.1993) (bankruptcy court may enter judgment on the debt in a § 523(a) action because the determination of allowance of claims against the estate is a core matter under 28 U.S.C.A. § 157(b)(2)(B) (West Supp.1993)); *Matter of Hallahan*, 936 F.2d 1496, 1508 (7th Cir.1991) (bankruptcy courts may adjudicate issues of liability and damages in § 523(a) actions); *In re Devitt*, 126 B.R. 212, 215 (Bankr.D.Md.1991) (same). I decline, however, to award attorney's fees or interest at the rate requested.

■ "Connecticut law is in accord with the general rule that attorney's fees are not recoverable absent contractual or statutory authority." *In re Fasulo*, 25 B.R. 583, 586 (Bankr.D.Conn.1982). There is no statutory authority supporting an award of attorneys' fees and there is no evidence of an agreement between the parties which would entitle the plaintiff to such an award. The plaintiff's judgment shall bear interest from the date of the entry of this order at the rate provided in 28 U.S.C.A. § 1961(a) (West Supp.1993). *See e.g., In re Pester Refining Co.*, 964 F.2d 842, 849 (8th Cir.1992) (28 U.S.C.A. § 1961(a) governs the interest rate on judgments entered by bankruptcy courts).

### ORDER

The plaintiff's motion for summary judgment is granted; the defendant's debt of

---

**1.** Under Connecticut law, final orders of workers' compensation commissioners have preclusive effect as to issues decided by the commissioner. *See Hodge v. Child World, Inc.*, 1992 WL 66655 (Conn.Super., March 23, 1992, J.D. New Haven, No. 305418) (collateral estoppel prevented the plaintiff from relitigating the issue of whether his injury arose out of his employment because a workers' compensation commissioner

had approved an agreement compromising the plaintiff's claim).

**2.** The order by the Commissioner did not include interest. Interest on judgments in Connecticut state courts is awarded in the discretion of the court. *See* Conn.Gen.Stat.Ann. § 37–3a; *Nor'easter Group, Inc. v. Colossale Concrete, Inc.*, 207 Conn. 468, 482, 542 A.2d 692 (1988).

$38,178.63 to Peerless Insurance Co. is not dischargeable, judgment may enter in that amount, and IT IS SO ORDERED.