In re Robert D. TUTTLE, Debtor.

**North Dakota Workers Compensation Bureau, Plaintiff,**

v.

**Robert D. Tuttle, Defendant.**

Bankruptcy No. 98–31376.
Adversary No. 98–7065.

United States Bankruptcy Court,
D. North Dakota.

Jan. 29, 1999.

Daniel L. Rouse, Bismarck, ND, for plaintiff.

David F. Senn, Dickinson, ND, for Debtor.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This case is before the Court on cross-motions for summary judgment filed by the Plaintiff, North Dakota Workers Compensation Bureau ("Bureau"), on December 23, 1998, and by the Defendant, Robert D. Tuttle ("Tuttle"), on January 19, 1999. Trial on the matter is scheduled for February 10, 1999.

By Complaint filed October 5, 1998, the Bureau charges that Tuttle made false statements in connection with his entitlement to medical and disability benefits and that the Bureau, pursuant to North Dakota Century Code § 65–05–33, made a determination that he had committed fraud and thereby had received $34,943.14 in excess benefit payments. On March 9, 1998, the Bureau issued an order directing Tuttle to repay this sum to it. By the instant motion for summary judgment the Bureau argues that the administrative order is res judicata of all issues necessary to finding the repayment obligation nondischargeable under section 523(a)(2)(A) of the United States Bankruptcy Code.

In his Answer, Tuttle generally denies all allegations of fraud as set forth in the Bureau's order. In his cross-motion for summary judgment Tuttle concedes, however, that the debt may be regarded as nondischargeable in the amount of $3,395.00, a sum which he was ordered to repay as restitution as the result of separate criminal proceeding in which he pled guilty to theft. As to the balance of the Bureau's repayment order, he charges that the facts do not establish any benefits were received as a consequence of false claims or statements.

Rule 56 of the Federal Rules of Civil Procedure governs the granting of summary judgment motions and is made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. It is appropriate where there is no genuine issue as to any material fact or any conflicting inferences which can be drawn from undisputed facts, and those facts when viewed in a light most favorable to the opposing party demonstrate that the moving party is entitled to a judgment as a matter of law.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *In re Novotny,* 224 B.R. 917 (Bankr.D.N.D. 1998). Here the outcome of the nondischargeable issue requires a determination of whether the debt owed to the Bureau was "for money ... obtained by ... false pretenses, a false representation, or actual fraud ..." Section 523(a)(2)(A). If so, then the repayment obligation is nondischargeable. Resolution of the motion favorable to the Bureau turns upon whether the factual issue was raised, was litigated, and actually decided by the prior order of the Bureau and whether that order can be, for purposes of collateral estoppel, regarded as the equivalent of a court order. If both of these questions are decided in the Bureau's favor, then as the Bureau argues, collateral estoppel will bar relitigation before the bankruptcy court.

■■■ It is generally recognized that decisions and determinations made by Workers Compensation Bureaus and similar state administrative agencies are entitled to preclusive effect just as any court decision providing the administrative proceeding from which the determination emanated meets the following criteria:

1. The issue sought to be precluded must be the same as that involved in the prior litigation;

2. The issue must have been litigated in the prior action;

3. The determination of the issue must have been a critical and necessary part of the decision in the earlier action, and

4. The standard of proof in the prior litigation must have been at least as stringent as the standard of proof in the later litigation.

*Johnson v. Miera,* 926 F.2d 741, 743 (8th Cir.1991); *Olson v. U.S.,* 170 B.R. 161, 166 (Bankr.D.N.D.1994). Most problematic for the Bureau is the "actually litigated" requirement as those courts applying collateral estoppel to administrative agency proceedings had before them proceedings actually conducted in an adjudicatory fashion. For example, in *Matter of Hampel,* 110 B.R. 88 (Bankr.M.D.Ga.1990), the bankruptcy court was asked to determine the dischargeability

of a debt addressed by a workers compensation board. There an administrative law judge, *after a hearing,* determined the debtor was covered by the Workers Compensation Act. The bankruptcy court gave it collateral estoppel effect concluding the agency had acted in a judicial capacity in which the parties were given an opportunity to litigate. Similarly, in the case of *In re Erickson,* 89 B.R. 850 (Bankr.D.Idaho 1988), collateral estoppel effect was extended to an industrial commission ruling because the issues were identical and the commission's ruling was entered in consequence of an evidentiary hearing where both parties were represented by counsel and evidence presented.

> "[W]hen a state agency acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's fact finding the same preclusive effect to which it would be entitled in the state courts."

*University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986). *Accord United States v. Utah Construction and Mining Co.,* 384 U.S. 394, 421–422, 86 S.Ct. 1545, 1560–61, 16 L.Ed.2d 642 (1966) (issues litigated in an administrative setting entitled to collateral estoppel when the setting provided an adversary proceeding with testimony, cross-examination, exhibits, briefs and argument).

> "[A decision] by an administrative agency cannot be the basis for collateral estoppel unless it was an adjudicative decision ... [A decision] is not an adjudicative decision unless the agency has made its decision using procedures substantially similar to those employed by the courts."

*Metromedia Co. v. Fugazy,* 983 F.2d 350, 366 (2nd Cir.1992); *see generally Matter of Sunshine Jr. Stores, Inc.,* 178 B.R. 286 (Bankr. M.D.Fla.1994); *In re Nedelka,* 155 B.R. 813 (Bankr.Conn.1993); *In re Wilson,* 216 B.R. 258 (Bankr.E.D.Wis.1997).

■■■ The Bureau's motion is flawed as regards the requirement of "actual litigation" as the order relied upon does not suggest in any respect that there was actual litigation or

158

even a hearing with anyone present. The findings apparently were made on the basis of the Bureau's own internal files and a recorded telephone conversation with Tuttle. From these sources the Bureau's Director of Claims and Rehabilitation concluded "from the greater weight of the evidence" that Tuttle willfully made false statements in connection with his claim for benefits in violation of N.D.Cent.Code § 65–05–33. While the Court in considering a motion for summary judgment may look at the record of prior proceedings and the evidence itself, there is no such additional proof before the court and, as a consequence, it is left only with the Bureau's order from which it is being asked to conclude that Tuttle obtained money by fraud or false pretenses. Nothing in evidence suggests that Tuttle appeared in the proceedings before the Bureau or that there even were proceedings in which he was given an opportunity to appear. Rather, the order seems to be a purely administrative directive made under adjudicatory standards falling short of what would be normal court standards.

■ Accordingly, and for the foregoing reasons, the Plaintiff, North Dakota Workers Compensation Bureau, is granted partial summary judgment of nondischargeability in the sum of $3,395.00, such sum being nondischargeable pursuant to section 523(a)(2)(A) of the United States Bankruptcy Code. In all other respects the Bureau's motion is denied. The Defendant, Robert D. Tuttle's Motion for Summary Judgment of Dismissal is in all things denied.

**SO ORDERED.**