**In re Theodore and Margaret VINECKI, Debtors.**

**The St. Paul Fire and Marine Insurance Company, Plaintiff,**

v.

**Theodore and Margaret Vinecki, Defendants.**

**Bankruptcy No. 99–9950–8P7. Adversary No. 99–570.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 28, 2000.

Gary A. Carnal, St. Petersburg, FL, for Defendants.

Arthur S. Weitzner, Sarasota, FL, for Plaintiff.

## ORDER ON ORAL ARGUMENT ON AWARD OF ATTORNEY'S FEES, INTEREST AND COSTS

ALEXANDER L. PASKAY, Bankruptcy Judge.

The matter under consideration in this Chapter 7 liquidation case is the right of The St. Paul Fire and Marine Insurance Company (Plaintiff) to a money judgment, with interest plus attorney's fees and costs, in this adversary proceeding in which this Court determined that the debt owed by the Debtors, Theodore and Margaret Vinecki (Debtors), is within the exception to the general bankruptcy discharge by virtue of Section 523(a)(2)(A) of the Bankruptcy Code. The Findings of Fact, Conclusions of Law and Memorandum Opinion entered on February 25, 2000, provided, in addition to determining the nondischargeability of the debt, that oral argument should be scheduled to consider the Plaintiff's right to a money judgment including attorney's fees, costs and interest.

At a duly scheduled hearing the Court heard argument of counsel for St. Paul, who in support of the claim urged that notwithstanding that the current version of the exception to discharge under Section 523(a)(2)(A) makes no reference to the entry of a money judgment, the Bankruptcy Court has the jurisdiction to enter a money judgment once it is determined that the debt involved is within the exception and is not discharged.

In opposition, counsel for the Debtor contends that while the Bankruptcy Court has "core" jurisdiction to determine the dischargeability of a debt pursuant to 28 U.S.C. § 157(b)(2)(I) it has no "core" jurisdiction to enter a money judgment.

The Court of Appeals which considered this issue uniformly held that the Bankruptcy Court has jurisdiction to enter a money judgment liquidating the claim

once it is determined that the debt is within the exception of Section 523(a). In support of this proposition, counsel for St. Paul cites the case of *In re Kennedy,* 108 F.3d 1015 (9th Cir.1997); *In re McLaren,* 990 F.2d 850 (6th Cir.1993); *In re Porges,* 44 F.3d 159 (2nd Cir.1995).

In the case of *In re Kennedy, supra,* the court was especially impressed by the reasoning which held that the Bankruptcy Court has jurisdiction to enter a money judgment in an actual dischargeability, citing *In re Devitt,* 126 B.R. 212, 215 (Bankr. D.Md.1991). In *Devitt,* the Court held that because equitable jurisdiction attaches to the entire cause of action and it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt, then the bankruptcy court must have jurisdiction to enter a money judgment once it has determined that the debt is excepted from discharge. It is without doubt that a determination of an exception to discharge pursuant to Section 523(a)(2)(A) is pure core proceeding 28 U.S.C. § 157(b)(2)(I). Thus, it is uniquely within the Bankruptcy Court's competence to make such determination and enter final dispositive orders or judgments. There is no good reason why the core characteristic of a proceeding should not extend to the determination of the exact amount of a debt which is excepted from the discharge.

■ This Court is in agreement that the authorities cited fully support the proposition that this Court has jurisdiction to enter a money judgment in a dischargeability litigation. This leaves for consideration the next question, which is more troublesome, which is whether or not is there a legal basis to award attorney's fees, costs, and interest absent a contractual provision which calls for an allowance for these items. cf. *TranSouth Financial Corp. of Florida v. Johnson,* 931 F.2d 1505 (11th Cir.1991). In support of the proposition that it is appropriate to award attorney's fees, counsel for St. Paul cites Fla. Stat. 772.185 entitled "Civil Remedies for

Criminal Practices." This Statute ostensibly authorizes an award of attorney's fees and costs for a multiple criminal practices and, among others, submitting a false insurance claim, Fla.Stat. 817.234. In support of entitlement to interest up to the date of the entry of a judgment, counsel cites Fla.Stat. 687.01, and Fla.Stat. 55.03. The proceeding before this Court was pursuant to Section 523© of the Bankruptcy Code and involved a complaint seeking a determination that a particular debt owed to St. Paul was not protected by the general bankruptcy discharge because it fell within the exception set forth in Section 523(a)(2)(A) of the Code. There is no provision in the Bankruptcy Code which authorizes the award of attorney's fees to a prevailing plaintiff in a dischargeability contest unless the contract which was the underlying basis for the claim authorized an award of attorney's fees and cost. See *TranSouth v. Johnson, supra.*

This Court finds it difficult to accept the proposition that it is appropriate to award attorney's fees in a dischargeability litigation based on Fla.Stat. 772.815 for the following reasons. This statute authorizes the award of attorney's fees based on certain criminal practices, thus, it appears that in order to obtain an award under this Statute the parties seeking the award must establish that the defendant was, in fact, found guilty in a criminal proceeding of a crime. This is so because absent a conviction of a crime it would be improper to establish the predicate for the award, which is commission of certain criminal practices. To make such a determination in a dischargeability proceeding where the burden of proof is merely the preponderance of the evidence (*Grogan v. Gardner*) and not beyond reasonable doubt which is required for a criminal conviction would be improper. Thus, based on the absence of a criminal conviction this Court is constrained to reject the claim for an award of attorney's fees.

■ Concerning St. Paul's entitlement to interest while this Court is satisfied that

the award of interest is appropriate on a money judgment it shall be the Federal Interest Judgement rate which is 6.197% which accrues from the date of the entry of the judgment until the judgment is paid.

An Amended Final Judgment shall be entered in accordance with the foregoing.