**IN RE: Derrick PERRY, Debtor.**

**Michigan Unemployment Insurance Agency, Plaintiff,**

**v.**

**Derrick Perry, Defendant.**

**Case No. 16-44135**
**Adv. Pro. No. 16-4655**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed 07/09/2016

Entered 07/11/2016

Zachary A. Risk, Assistant Attorney General, Detroit, MI, for Plaintiff.

Derrick Perry, Detroit, MI, pro se.

## ORDER DISMISSING ADVERSARY PROCEEDING

Thomas J. Tucker, United States Bankruptcy Judge

On July 7, 2016, Plaintiff filed this adversary proceeding, seeking a money judgment against the Chapter 13 Debtor Derrick Perry and a determination that the debt owing to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(2). Later that same day, the Court held a hearing and entered an order in the Defendant-Debtor's bankruptcy case (Case No.16-44135) determining that the Debtor Derrick Perry "is not eligible for a discharge in this Chapter 13 case in view of 11 U.S.C. § 1328(f)(1)" (Docket # 38 in Case No. 16-44135, the "no-discharge order").

■ The Court concludes that the no-discharge order renders the Plaintiff's nondischargeability claim under § 523(a)(2) moot, because Plaintiff has received the dischargeability-related relief it was seeking in this adversary proceeding (namely, that Defendant's debt to Plaintiff will not be discharged in Defendant's Chapter 13 bankruptcy case).

Thus, the Court is no longer able to grant Plaintiff any meaningful relief in addition to what it has already received. *Cf. Rosenfeld v. Rosenfeld (In re Rosenfeld)*, 535 B.R. 186, 193–196 (Bankr. E.D. Mich. 2015) (dismissing, for lack of jurisdiction, a creditor's adversary proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C. § 727(a), where the debtor's debt to the creditor was nondischargeable under 11 U.S.C. § 523(a).)

It is possible, of course, that the Defendant's Chapter 13 case might one day be converted to Chapter 7, or even to Chapter 11. But the Defendant would be denied a discharge in a case converted to Chapter 7, and in certain circumstances in a case converted to Chapter 11, because (as the no-discharge order indicates,) the Defendant obtained a discharge in a Chapter 7 case that was filed less than 8 years before the filing of the pending bankruptcy case. *See* 11 U.S.C. §§ 727(a)(8); 1141(d)(3). In any event, upon a conversion of the Chapter 13 case to either Chapter 7 or Chapter 11, the Plaintiff would have a new period of time in which to file a nondischargeability action. *See* Fed. R. Bankr. P. 1019(2)(A). And this order will not preclude Plaintiff from doing so.

■ Because Plaintiff's nondischargeability claim has been rendered moot, the Court is unable to grant Plaintiff the other relief that Plaintiff seeks in this adversary proceeding, namely, the money judgment Plaintiff's complaint requests. In the absence of authority to grant a determination of nondischargeability (due to the mootness of that issue), this bankruptcy court no longer has authority or subject matter jurisdiction to enter a money judgment for Plaintiff. That is so because the Court's authority and subject matter jurisdiction to enter a money judgment in this adversary proceeding was wholly dependant on its statutory authority, under 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of Defendant-Debtor's debt to Plaintiff, *See Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 965–66 (6th Cir. 1993) (quoting *Snyder v. Devitt (In re Devitt)*, 126 B.R. 212, 215 (Bankr. D. Md. 1991) (the bankruptcy court's jurisdiction to determine the dischargeability of a debt provides the bankruptcy court with authority to render a money judgment, because the bankruptcy court's equitable jurisdiction " 'attaches to the entire cause of action,' " including the plaintiff's request for a money judgment, and " 'more importantly because it is impossible to separate the determination of the dischargeability func-

tion from the function of fixing the amount of the nondischargeable debt.' ")

For these reasons,

IT IS ORDERED that this adversary proceeding is dismissed, as moot and for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that this Order is without prejudice to the Plaintiff's proof of claim filed in the Defendant's pending bankruptcy case (Claim No. 6–1, filed in Case No. 16-44135 on July 7, 2016).

IT IS FURTHER ORDERED that this Order is without prejudice to the Plaintiff's right to timely file a new adversary proceeding seeking a determination of dischargeability if and after the Defendant's Chapter 13 bankruptcy case is ever converted to Chapter 7 or Chapter 11. *See* Fed. R. Bankr. P. 1019(2)(A).