In re Kwang C. CHOI and Myong S. Choi, Debtors.

SIEMENS COMPONENTS, INC.,
a Delaware corporation,
Plaintiff,

v.

Kwang C. CHOI and Myong S. Choi, aka Myong S. Kim, dba C & C Computer, Inc., aka International Technology Exchange, Defendants.

Bankruptcy No. 590–04780–JRG.

Adv. No. 91–5024.

United States Bankruptcy Court, N.D. California.

Dec. 20, 1991.

Janet S. Arnold, Coudert Brothers, San Francisco, Cal., for plaintiff, Siemens Components, Inc.

Kwang C. Choi and Myong S. Choi, pro se.

OPINION

JAMES R. GRUBE, Bankruptcy Judge.

I. INTRODUCTION.

Kwang C. Choi and Myong S. Choi ("defendants") filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 9, 1990. Siemens Components, Inc. ("plaintiff") commenced this adversary proceeding on January 14, 1991. The first amended complaint contains two claims for

relief. The first claim for relief states that the defendants committed fraud by submitting a substantially misleading balance sheet and consolidated income statement to plaintiff, and that plaintiff justifiably relied on these financial statements. The second claim for relief incorporates the same allegations and seeks a declaration that the debt is nondischargeable under § 523(a)(2)(B) of the Bankruptcy Code.[1] Plaintiff seeks compensatory damages in the amount of $153,000, punitive damages, and a judgment from this court that the debt is nondischargeable.

The court set a hearing to consider plaintiff's demand for a jury trial on the fraud claim in light of the recent decision of *In re Hooper*, 112 B.R. 1009 (9th Cir. BAP 1990), which raised the issue. Having considered the argument, the court finds that the fraud claim is integrally related to the dischargeability claim and plaintiff is not entitled to a jury trial.

## II. DISCUSSION.

### A. *Hooper Does Not State That a Plaintiff in a Dischargeability Action is Entitled to a Jury Trial on the Issues of Liability and Damages.*

In *Hooper*, the Bankruptcy Appellate Panel held that a plaintiff in an adversary proceeding brought under § 523 is not entitled to a jury trial on the issue of dischargeability. Recognizing a split in authority,[2] the court left open the question of whether a plaintiff *may* be entitled to a jury trial on the issue of damages:

> Because of the equitable nature of the remedy sought and the historically equitable roots of dischargeability issues, under the test of *Granfinanciera*, [the plaintiff] is not entitled to a jury trial on the issue of dischargeability. *Although there may be a right to a jury trial on the underlying issue of damages, the bankruptcy court found the debt dischargeable and did not reach the damages question.*

*Hooper*, 112 B.R. at 1012–13 (footnotes omitted) (emphasis added). Thus, the Appellate Panel raised the issue now pending before the court, but did not answer it.

### B. *The Bankruptcy Court Has the Power to Adjudicate the Issues of Liability and Damages in Order to Grant Complete Relief in a Dischargeability Action.*

It is clear that a determination regarding dischargeability is within the exclusive jurisdiction of the bankruptcy court and is to be tried without a jury. "[A] bankruptcy discharge and questions concerning the dischargeability of certain debts, involve issues with an equitable history and for which there was no entitlement to a jury trial in the courts of England prior to the merger of law and equity." *Hooper*, 112 B.R. at 1012; *see also In re Hallahan*, 936 F.2d 1496, 1505 (7th Cir. 1991); *In re Schmid*, 54 B.R. 520, 523 (Bankr.E.D.Pa.1985); *In re Devitt*, 126 B.R. 212, 215 (Bankr.D.Md.1991).

The plain meaning of § 523(a)(2) clearly requires that a bankruptcy judge be the finder of fact in dischargeability proceedings. Section 523(a)(2) also requires the judge to determine the amount of money obtained by the debtor through fraud because the debt is only nondischargeable to this extent.

These determinations are integrally related. As the *Devitt* court noted, "it is impossible to separate the determination of dischargeability function from the function of fixing the amount of the nondischargeable debt." *In re Devitt*, 126 B.R. at 215.

The U.S. Supreme Court has clarified that a legal dispute can be decided by a court sitting in equity:

> [W]here ... the equitable jurisdiction of the court has properly been invoked ... the court has the power to decide all relevant matters in dispute and to award complete relief *even though the decree includes that which might be conferred by a court of law.*

---

**1.** Unless otherwise indicated, all references to statutory provisions relate to Title 11 of the United States Code.

**2.** *Hooper*, 112 B.R. at 1012–13 n. 3.

*Porter v. Warner Holding Co.,* 328 U.S. 395, 399, 66 S.Ct. 1086, 1090, 90 L.Ed. 1332 (1946) (emphasis added). The Supreme Court has also indicated that courts sitting in equity have broad powers to grant complete relief:

> Treating their established forms as flexible, courts of equity may suit proceedings and remedies to the circumstances of cases and formulate them appropriately to safeguard, conveniently to adjudge, and promptly to enforce substantial rights of all the parties before them.

*Alexander v. Hillman,* 296 U.S. 222, 239, 56 S.Ct. 204, 209–10, 80 L.Ed. 192 (1935).

■ The Seventh Circuit recently considered this issue in *In re Hallahan,* 936 F.2d 1496 (7th Cir.1991). Under the facts of that case, the court determined that a defendant in a nondischargeability proceeding did not have a Seventh Amendment right to a jury trial. The debtor argued that the court should have submitted the issues of liability and damages to a jury after deciding the dischargeability issue. *Id.* at 1507. The Seventh Circuit disagreed:

> Requiring the empaneling of a jury in bankruptcy court in the midst of the dischargeability proceedings, or perhaps referring the matter back to district court for a jury trial there, creates a cumbersome process. *More importantly, however, allowing the bankruptcy judge to settle both the dischargeability of the debt and the amount of the money judgment accords with the 'rule generally followed by courts of equity that having jurisdiction of the parties to controversies brought before them, they will decide all matters in dispute and decree complete relief.'*

*Id.* at 1508 (emphasis added) (quoting *Alexander v. Hillman,* 296 U.S. 222, 242, 56 S.Ct. 204, 211, 80 L.Ed. 192 (1935)); *see also In re Devitt,* 126 B.R. at 215. In the interest of judicial economy, a plaintiff in a dischargeability action is not entitled to a jury trial on the integrally related issues of liability and damages.

**C.** *Adjudication of All Issues By the Bankruptcy Court Does Not Infringe Upon Plaintiff's Right to a Jury Trial Under the Seventh Amendment.*

In *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court enunciated a test to determine whether a party has a Seventh Amendment right to a jury trial.[3] Assuming that plaintiff's claim for relief for fraud meets the *Granfinanciera* test and results in a right to a jury trial under the Seventh Amendment, that right may nevertheless be lost when the plaintiff voluntarily submits to the equitable jurisdiction of the bankruptcy court.

In *Langenkamp v. Culp,* — U.S. —, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), *reh'g denied,* — U.S. —, 111 S.Ct. 721, 112 L.Ed.2d 709 (1991), the Supreme Court clarified its holding in *Granfinanciera.* In this decision, the Court held that a creditor which subjects itself to the bankruptcy court's equitable power by filing a proof of claim, loses its right to a jury trial in actions that are "integral to the restructuring of the debtor-creditor relationship." *Langenkamp v. Culp,* — U.S. at —, 111 S.Ct. at 331.

This court has previously applied the reasoning of *Langenkamp* in *In re Marshland Development, Inc.,* 129 B.R. 626 (Bankr.N.D.Cal.1991). Under the facts of *Marshland,* defendants who removed a state court action to bankruptcy court thereby invoked the court's equity jurisdiction. The removed action was the "functional equivalent of a claims objection proceeding...." *Id.* at 630. Therefore, defendants lost their right to a jury trial in the removed action because claims resolution proceedings are "integral to the re-

---

**3.** The court set forth a three-part test: first, the court must decide whether there would have been a right to a jury trial in Eighteenth–Century England; second, the court must decide whether the matter should be characterized as legal rather than equitable; and third, the court must decide whether the matter involves private rights, as opposed to public rights. *Granfinanciera,* 492 U.S. at 46, 109 S.Ct. at 2792. All three factors must be present in order for there to be a Seventh Amendment right to a jury trial.

structuring of the debtor-creditor relationship." *Id.* at 631.

■ In this case, plaintiff subjected itself to the equitable jurisdiction of the court when it filed its complaint seeking a determination of dischargeability. In dischargeability actions, it is debtors' fresh start which is at stake. "[S]uch issues concern whether the debtor will be granted the protection and benefits of bankruptcy." *Hooper,* 112 B.R. at 1012. Accordingly, proceedings to determine the dischargeability of a debt are certainly integral to the restructuring of the debtor-creditor relationship. *Id.*

■ Filing a claim subjects a creditor to all the consequences that attach to an appearance in a court of equity. *Granfinanciera,* 492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14 (quoting *Alexander v. Hillman,* 296 U.S. at 241, 56 S.Ct. at 210). A creditor which invokes the bankruptcy court's jurisdiction seeking a declaration that a debt is nondischargeable has no stronger right to a jury trial than a creditor which files a claim. *See In re Hallahan,* 936 F.2d at 1505 (applying the same reasoning to determine that a debtor who files a bankruptcy petition loses all rights to a jury trial in any adversarial proceedings arising therein).

## III. CONCLUSION.

There is no right to a jury trial on the issues of liability and damages in a dischargeability action brought under § 523(a)(2). The demand for a jury trial is therefore stricken.