**In re William J. GRIFFIN and Brenda G. Griffin, d/b/a Acme Machine & Engineering, Debtors.**

**Donald J. WEATHERHEAD and Troll–Master, Inc., an Idaho corporation, Plaintiffs,**

v.

**William J. GRIFFIN and Brenda G. Griffin, d/b/a Acme Machine & Engineering, Defendants.**

Adv. No. 91–6199.
Bankruptcy No. 91–01884.

United States Bankruptcy Court, D. Idaho.

June 24, 1992.

dated on the steps of the Hall of Records.

Ida Leggett, Jenkins & Leggett, Coeur d'Alene, Idaho, and Robert Dompier, Schimanski, Leeds & Conrad, Spokane, Wash., for plaintiffs.

Thomas E. Cooke, Cooke, Lamanna, Smith & Cogswell, Priest River, Idaho, for defendants.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

The defendants/debtors move to strike the demand of plaintiffs Donald J. Weatherhead and Troll–Master, Inc. ("plaintiffs") for a trial by jury. The plaintiffs filed the adversary proceeding to recover damages for fraud and conversion of assets, and to determine the dischargeability of the debts.

■ Plaintiffs rely on *Schieber v. Hooper*,[1] in support of their contention of entitlement to a trial by jury on the question of liability and damages for the alleged fraud and conversion.[2] But, while *Hooper* found a party was not entitled to a jury trial on the issue of dischargeability, the court expressly avoided deciding whether such a right existed with regard to the underlying issues of liability and damages.[3]

In *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), the United States Supreme Court dealt with the issue of whether creditors who had filed claims in bankruptcy were entitled to a jury trial in a preference action filed against the creditor by the trustee. The Court stated:

In *Granfinanciera, S.A. v. Nordberg*,[4] we recognize that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. 492 U.S. at [56]–[59], and n. 14, 109 S.Ct. at 2798–2799, and n. 14. . . . If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. *Ibid.* In other words, the creditor's claim and the ensuring preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction. Granfinanciera, supra,* 492 U.S. at 56–59, 109 S.Ct. at 2798–2799. As such, there is no Seventh Amendment right to a jury trial.

*Langenkamp*, 498 U.S. at ——, 111 S.Ct. at 331 (emphasis in original) (footnote added).

■ *Langenkamp* is analogous to the situation here. Plaintiffs' complaint in this adversary proceeding consists of disputed, unliquidated claims, coupled with a determination as to the dischargeability of those claims. In filing this adversary proceeding, plaintiffs invoked the equity jurisdiction of this Court.[5] Since filing a claim against the bankruptcy estate removes a creditor's right to a jury trial in a preference action which may have no relationship to the claim filed, the filing of a dischargeability action removes a creditor's right to

---

1. 112 B.R. 1009 (9th Cir. B.A.P.1990).

2. Plaintiffs apparently concede they are not entitled to a jury trial with regard to the question of whether a debt is in fact dischargeable in bankruptcy.

3. Upon determining there was no right to trial by jury on the question of dischargeability, the court said: "Although there *may* be a right to a jury trial on the underlying issue of damages, the bankruptcy court found the debt dischargeable and did not reach the damages question." 112 B.R. at 1012–13 (emphasis added) (footnote omitted). *See, Siemens Components, Inc. v. Choi*, 135 B.R. 649, 650 (Bankr.N.D.Cal., 1991) (finding that *Hooper* did not determine whether jury trial was required on question of liability or damages is dischargeability proceeding).

4. 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

5. *See Choi,* 135 B.R. at 652 (holding that question of liability and damages for fraud was integrally related to question of dischargeability of that debt; "[i]n this case, plaintiff subjected itself to the equitable jurisdiction of the court when it filed its complaint seeking a determination of dischargeability."). " 'By presenting their claims respondents subjected themselves to all the consequences that attach to an appearance.' ". *Granfinanciera, supra,* 492 U.S. at 59 n. 14, 109 S.Ct. at 2799 n. 14 (quoting *Katchen v. Landy,* 382 U.S. 323, 335, 86 S.Ct. 467, 476, 15 L.Ed.2d 391 (1966)).

trial by jury on the underlying claims which are the subject of the action. Plaintiffs here have "trigger[ed] the process of 'allowance and disallowance of claims,' thereby subjecting [themselves] to the bankruptcy court's equitable power." *Langenkamp,* 498 U.S. at ——, 111 S.Ct. at 331. Plaintiffs therefore possess no right to trial by jury in this matter. *See Choi,* 135 B.R. at 652.

A separate order will be entered.