**In re DUVAL COUNTY RANCH COMPANY, et al., Debtors.**

**Helen Ruth MANGES, Plaintiff,**

v.

**Morris ATLAS, Defendant.**

**Bankruptcy No. 89–01286–C–11.**
**Adv. Nos. 93–2118–C, 93–2087.**

United States Bankruptcy Court,
S.D. Texas,
Corpus Christi Division.

Jan. 25, 1994.

Steven Peirce, McCamish & Martin, San Antonio, TX, Colin Kelly Kaufman, Corpus Christi, TX, for Manges Liquidating Trust.

C.M. Zaffirini, Zaffirini, Castillo & Pellegrin, Laredo, TX, for Helen Ruth Manges.

Evelyn H. Biery, Fulbright & Jaworski, San Antonio, TX, H. Ronald Welsh, Vinson & Elkins, Houston, TX, for Morris Atlas.

### ORDER DENYING MOTION FOR MANDATORY ABSTENTION AND REMAND ALTERNATIVELY, FOR DISCRETIONARY ABSTENTION AND REMAND

RICHARD S. SCHMIDT, Bankruptcy Judge.

On this day came on for consideration the Motion for Mandatory Abstention and Remand Alternatively, for Discretionary Abstention and Remand (the "Motion"), filed by the Plaintiff, Helen Ruth Manges ("Movant"). Movant seeks mandatory or permissive abstention and remand of this proceeding to the 229th Judicial District of Duval County, Texas, under Cause No. 15,283. Pursuant to 28 U.S.C. §§ 1334, 157, 1452, and the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc entered by the United States District Court, this Court has jurisdiction to enter a final order on a motion to abstain or remand. Bankr.R. 5011(b) and 9027(e). The Court, having heard the evidence and arguments of counsel, and having reviewed the pleadings and briefs on file herein, finds that the Motion to Remand should be denied.

Movant filed her Plaintiff's Original Petition in the 229th District Court of Duval County, Texas, on July 9, 1993 (the "State Court Action"). Defendant filed his Notice of Removal of State Court Action on July 23, 1993, within the 90 day time limit set by Bankruptcy Rule 9027(a)(2)(A). Movant filed the Motion now before the Court on August 2, 1993 and a hearing was held on September 3, 1993.

■ Mandatory abstention does not apply in this case because no action is pending in State Court at this time. 28 U.S.C. § 1409 provides for mandatory abstention for cases related to a bankruptcy case but not arising in a bankruptcy case or under Title 11, if the "action could not have been commenced in a court of the United States absent jurisdiction under this section" and "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." Here, however, the State Court action was commenced after the bankruptcy and was removed to this Court. There is no pending State Court case. If this Court were to abstain, nothing would happen because there is only one lawsuit. What Movant really seeks is remand by this Court back to State Court. There is no mandatory removal statute. 28 U.S.C. § 1452(b) allows a court to remand "on any equitable ground." Remand is discretionary.

■ The issue of jurisdiction over this removed case "is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250, 1254 (5th Cir.1990). At the time this case was removed, Movant's State Court Action sought recovery of property, cancellation of her conveyance of property, removal of the cloud on her title to property and quieting of title to property. There is no dispute that the real property subject to the State Court Action is the community property of the Movant and Clinton Manges, the debtor, nor is there any dispute that the property was subject to the sole management of Clinton Manges.

■ A proceeding to determine what constitutes property of the estate pursuant to 11 U.S.C. § 541 is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E). *In re Molina y Vedia*, 150 B.R. 393, 394 (Bankr.S.D.Tex. 1992). Whenever there is a dispute regarding whether property is property of the bankruptcy estate, exclusive jurisdiction is in the bankruptcy court. 28 U.S.C. § 1334(d), *Slay Warehousing Co. v. Modern Boats, Inc.*, 775 F.2d 619, 620 (5th Cir.1985).

■ At the hearing on the Motion, Movant presented her "stipulation" that she was not seeking the "BSW Royalties". Counsel for Movant made oral representations that the Movant did not seek any property of the estate, but wanted only to pursue a claim against Morris Atlas for breach of fiduciary duty and mental anguish. Movant contends that her mental anguish claim is her separate

property and, therefore, this Court has no independent jurisdiction to hear the action. Movant has not, however, sought permission to amend her pleadings to delete her claims against property of the estate or to add claims for mental anguish. Even if it were appropriate for this Court to consider claims not asserted in the Original Petition, remand is still not proper. All of the damage claims that Movant's counsel alludes to involve property of the bankruptcy estate and actions of parties regarding that property. As such, exclusive jurisdiction is in this Court.

Movant's mental anguish claim is based on a commercial contractual transaction. The Court is doubtful whether a mental anguish claim exists for breach of contract and, if so, whether it is separate property. Movant argues that she must first seek an explanation of the disposal of property before she can establish a cause of action for mental anguish. Nevertheless, a determination of the proper disposal of the property is a core proceeding because it involves property of the estate and interpretation of the confirmed plan of reorganization. Other adversary proceedings with similar issues are pending before this Court and remand would subject the parties, this Court and the bankruptcy estate to the risk of inconsistent decisions.

Movant further argues that remand is appropriate because she has demanded a jury trial. The Court finds that Movant has no right to a jury trial in this case because, as wife of Clinton Manges, a debtor, she has gained the benefits of her husband's bankruptcy. Moreover, Movant sought affirmative relief in the *Scurlock* adversary proceeding pending before this Court regarding the same royalties at issue here. Movant has invoked the equitable jurisdiction of the bankruptcy Court and is not entitled to a jury trial. *Langenkamp v. Culp*, 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990); *In re Griffin*, 143 B.R. 247, 248 (Bankr.D.Idaho 1992). Finally, Movant's petition does not seek money damages but return of property. Accordingly, there is no right to jury trial. *Granfinanciera v. Norberg*, 492 U.S. 33, 37, 109 S.Ct. 2782, 2787, 106 L.Ed.2d 26 (1989).

For the foregoing reasons, the Court finds that the Motion should be denied.

It is therefore ORDERED that the Motion for Mandatory Abstention and Remand Alternative, for Discretionary Abstention and Remand is hereby DENIED.