**In re Marsha McQuarrie LANG, Debtor.**

**Robert F. LANG, M.D., Plaintiff,**

v.

**Marsha McQuarrie LANG, Defendant.**

**Civ. No. 94–C–45G.**

United States District Court,
D. Utah,
Central Division.

May 11, 1994.

Linda Jones of Anderson & Karrenberg, Salt Lake City, UT, for plaintiff.

Martha Stonebrook of Cohne, Rappaport & Segal, Salt Lake City, UT, for debtor/defendant.

## MEMORANDUM DECISION & ORDER

J. THOMAS GREENE, District Judge.

This matter came before the court March 24, 1994 on plaintiff's Motion to Withdraw the Reference. Plaintiff was represented by Linda Jones of Anderson & Karrenberg. Martha Stonebrook, of Cohne, Rappaport & Segal, appeared for the defendant. After hearing oral argument, the court took the matter under advisement. Now being fully advised, the court issues the following Memorandum Decision and Order denying plaintiff's Motion.

### FACTS

Plaintiff, Dr. Robert Lang ("Dr. Lang"), originally sued his wife ("Ms. Lang") in state court for fraud, breach of fiduciary duty, loss of filial relations, and intentional infliction of emotional distress. The essence of Dr. Lang's state lawsuit is that Ms. Lang misled him into believing he was the biological father of their children.

After the state court action was filed, Ms. Lang filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. In response, Dr. Lang commenced an adversary proceeding in the bankruptcy court on January 7, 1994. Doctor Lang's adversary proceeding sought two determinations. First, Dr. Lang sought a determination by the bankruptcy court that his claims against Ms. Lang are exempt from bankruptcy discharge. Second, the adversary proceeding sought a determination of liability and damages against Ms. Lang. Stated differently, when Dr. Lang filed his Complaint in bankruptcy court to have his claims found nondischargeable, he also included separate counts restating all of his state claims against his former wife.

Dr. Lang never filed a proof of claim with the bankruptcy court. Additionally, Dr. Lang requested a jury trial when he filed his adversary proceeding.

### ANALYSIS

**I. Permissive Withdrawal**

Dr. Lang claims he is entitled to a jury trial, and that the bankruptcy court's

inability to conduct jury trials is cause for withdrawing the reference under 28 U.S.C. 157(d). Ms. Lang claims that Dr. Lang waived his right to a jury.

Section 157(d) provides that a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (1993).

In the Tenth Circuit, jury trials in bankruptcy proceedings must take place in a district court, sitting in its original jurisdiction in bankruptcy. *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir.1990). Where a creditor submits a claim against the bankruptcy estate, however, the claimant loses his right to a jury and submits to the bankruptcy court's equitable power. *Granfinanciera, S.A. v. Norberg,* 492 U.S. 33, 58–59, 109 S.Ct. 2782, 2798–99, 106 L.Ed.2d 26 (1989). If a party does not submit a claim against the estate, then the right to a jury is not affected by the bankruptcy court's equitable powers. *Langenkamp v. Culp,* 498 U.S. 42, 44–45, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990).

The classification of an issue as "core" or "non-core" under the withdrawal statute does not affect a party's right to trial by jury. *Granfinanciera,* 492 U.S. at 60–61, 109 S.Ct. at 2799–800.

The primary issue is whether Dr. Lang's adversary proceeding amounts to a claim against the bankruptcy estate. If it does, then Dr. Lang has waived his right to a jury and therefore cannot rely on such a right to withdraw the reference. If Dr. Lang has not filed a claim against the estate, however, then he is entitled to a jury trial and withdrawal is appropriate under Section 157(d).

Dr. Lang contends that his adversary proceeding is not really a claim against the estate. In essence, Dr. Lang argues that, under *Granfinanciera* and *Langenkamp,* one cannot file a claim against a bankruptcy estate without filing a proof of claim. From that premise, Dr. Lang concludes that he could not have waived his right to a jury because he never filed a proof of claim. Ms. Lang counters that Dr. Lang's adversary

proceeding amounts to a claim against her bankruptcy estate even though Dr. Lang never filed a proof of claim. Consequently, she argues, Dr. Lang has waived his right to a jury trial and submitted to the equitable powers of the bankruptcy court.

Ms. Lang relies on two out-of-district cases to support her position, *In re Griffin,* 143 B.R. 247 (Bkrtcy. D. Idaho 1992), and *In re Choi,* 135 B.R. 649 (Bkrtcy. N.D. Cal.1991). Both cases held that plaintiffs waived their right to a jury trial when, in addition to seeking determinations of dischargeability, the plaintiffs filed underlying fraud claims. Consequently, both courts found that plaintiffs submitted to the equitable jurisdiction of the bankruptcy court by filing such adversary proceedings. Ms. Lang contends that the present case is factually indistinguishable from *Griffin* and *Choi.*

This court finds the reasoning behind *Griffin* and *Choi* persuasive. As noted by the court in *Choi,* it is functionally impossible to determine whether a debt is dischargeable without addressing issues of liability and damages. *Choi,* 135 B.R. at 650. The bankruptcy court's determination of dischargeability is so closely related to liability and damages that it would be duplicative for a jury to make a separate determination.

More importantly, this court rejects Dr. Lang's interpretation of *Granfinanciera* and *Langenkamp.* Both cases support the proposition that the right to jury is not waived unless a plaintiff files a claim against the bankruptcy estate. However, neither case foreclosed the possibility that a plaintiff could waive his right to a jury without filing a formal proof of claim.

In *In re Americana Expressways, Inc.,* 161 B.R. 707, 113–14 (Bankr.D.Utah 1993), Judge Winder of this Court held that a formal proof of claim is not essential to establishing a claim against the estate, and that an "informal" proof of claim is created when a plaintiff makes a written demand against the bankruptcy estate in a pleading filed in the bankruptcy court.[1] Judge Winder noted that counterclaims in adversary proceedings can

---

1. The Tenth Circuit Court of Appeals also recognizes the possibility of "informal" proofs of claim. *See Clark Valley Fed. Savs. & Loan Ass'n* *(In re Reliance Equities, Inc.),* 966 F.2d 1338, 1345 (10th Cir.1992).

amount to informal proofs of claim and, applying that criteria, concluded that an affirmative defense brought under the Interstate Commerce Act, which in reality was a counterclaim, qualified as an informal proof of claim and eliminated the defendant's right to a jury trial under *Granfinanciera* and *Langenkamp. Id.*

This court is satisfied that Dr. Lang filed an informal proof of claim in the bankruptcy court when, in addition to requesting a determination of dischargeability, he added four counts restating each of his state law claims. Just as a counterclaim sufficed as an informal proof of claim in *Americana*, Dr. Lang's Complaint for damages arising from his state law claims amounts to a written demand against Ms. Lang's estate and constitutes an informal proof of claim. Consequently, Dr. Lang has waived his right to a jury trial and cannot rely on such a right as cause to withdraw the reference under Section 157(d).

## II. Mandatory Withdrawal

■ Dr. Lang further asserts that 28 U.S.C. § 157(b)(5) mandates the withdrawal of personal injury suits. Thus, having alleged intentional infliction of emotional distress, Dr. Lang argues that withdrawal is required. In response, Ms. Lang argues that Dr. Lang's emotional distress claim is not a personal injury tort as envisioned in the withdrawal statute.

28 U.S.C. § 157(b)(5) states that a "district court shall order that personal injury tort ... claims shall be tried in the district court...." 28 U.S.C. § 157(b)(5) (1993).

Dr. Lang argues that such language makes withdrawal mandatory. As support, Dr. Lang relies on *In re Mauldin*, 52 B.R. 838, 842–43 (Bkrtcy. N.D. Miss.1985), which found that intentional infliction of emotional distress is a personal injury tort within the meaning of Section 157(b)(5). On that basis, the *Mauldin* court found that a claim of intentional infliction of emotional distress must be withdrawn.

Ms. Lang counters with another out-of-district case which held that personal injury, as envisioned in § 157(b)(5), requires physical injury unless the distress claim is the gravamen of the Complaint. *Matter of In-*

*terco, Inc.,* 135 B.R. 359, 362 (Bkrtcy. E.D.Mo.1991). Since emotional distress is only one of Dr. Lang's four claims, and because Dr. Lang has not alleged physical injury, Ms. Lang concludes that withdrawal is not required.

■ Regardless of whether intentional infliction of emotional distress is a true personal injury tort under § 157(b)(5), Dr. Lang's claims are fundamentally allegations of fraud. Thus, the court finds Dr. Lang's allegation of emotional distress claim too tangential to his lawsuit to support withdrawal of the entire matter solely on the basis of the emotional distress claim. Further, Dr. Lang's claim of emotional distress is intimately connected to his claims of fraud, making it impractical and inefficient to withdraw the emotional distress claim by itself.

Accordingly, it is hereby **ORDERED,** that plaintiff's Motion to Withdraw the Reference is denied.

**IT IS SO ORDERED.**