# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2015

Lyle W. Cayce
Clerk

No. 14-20024

WELLNESS WIRELESS, INCORPORATED,

> Plaintiff–Appellant,

v.

INFOPIA AMERICA, L.L.C.

> Defendant–Appellee.

Appeal from United States District Court
For the Southern District of Texas
USDC No. 4:12-CV-2856

Before REAVLEY, JONES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Wellness Wireless challenges the district court's dismissal of its contract claim for lack of jurisdiction, or, alternatively, dismissal under Federal Rule of Civil Procedure 19 for inability to join a necessary and indispensable party. Because we conclude that the district court has jurisdiction over this case and the third party is not a necessary party under Rule 19, we reverse and remand.

---

[*] Pursuant to FIFTH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in FIFTH CIR. R. 47.5.4.

No. 14-20024

## I.

This case originates from a dispute between two companies that are not parties to this case: Diabetes Center of America ("Diabetes America") and HealthPia America ("HealthPia"). In 2006, Diabetes America sued HealthPia and its CEO because of a business dispute. In the hope of establishing a business relationship with HealthPia, Defendant Infopia agreed to pay Diabetes America $800,000 on behalf of HealthPia as part of a settlement agreement dismissing the suit ("2008 Settlement"). Pursuant to the 2008 Settlement, Infopia made a $500,000 lump-sum payment to Diabetes America, and agreed to execute a $300,000 promissory note payable in installments to Diabetes America. In exchange, Diabetes America agreed to release all claims against HealthPia. Infopia defaulted on the promissory note following the first payment. This breached the 2008 Settlement and nullified the conditional release of claims against HealthPia. In late 2008, a default judgment was entered for Diabetes America.

Later that same year, Diabetes America allegedly assigned Wellness Wireless all of Diabetes America's rights under the promissory note. Subsequently, in 2010, Infopia and Diabetes America signed a settlement agreement for unpaid obligations under the 2008 promissory note ("2010 Settlement"). Infopia paid $300,000 to be released from all claims of Diabetes America. Shortly thereafter, Diabetes America declared bankruptcy. Diabetes America did not include a right to recovery against Infopia on its schedules of assets, nor has it pursued any claim against Infopia during its Chapter 11 case.

Wellness Wireless then began to attempt to collect money from Infopia under the promissory note. First, it filed a state court suit on the promissory note, which was dismissed for lack of jurisdiction. Second, Wellness Wireless unsuccessfully sought to collect on the default judgment in the original underlying case between HealthPia and Diabetes America.

No. 14-20024

On this third try, Wellness Wireless filed the instant suit against Infopia. The district court dismissed the case. The court concluded that it lacked subject matter jurisdiction because the case belonged in the bankruptcy court where Diabetes America was a current debtor. *See* 28 U.S.C. § 1334.[1] Alternatively, the district court held that Diabetes America, as the alleged assignor of the 2008 promissory note, was an indispensable party, requiring dismissal of the case pursuant to Fed. R. Civ. P. 19. Wellness Wireless appealed.

## II.

The district court's determination that it lacked jurisdiction is a legal determination that we review *de novo. In re U.S. Brass Corp.*, 301 F.3d 296, 303 (5th Cir. 2002). The district court's decision to dismiss for failure to join an indispensable party pursuant to Rule 19 is properly reviewed under an abuse-of-discretion standard. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986).

## III.

The district court's brief order dismissing the case stated that "the bankruptcy court's jurisdiction is implicated pursuant to 28 U.S.C. § 1334." To support the court's conclusion, Infopia argues either that (a) the bankruptcy court had "exclusive jurisdiction" over the dispute because Diabetes America never validly assigned the 2008 Promissory Note, or (b) if there is any doubt about the proper payee, then § 1334 divests a district court of jurisdiction because the case will have a "conceivable effect" on a bankruptcy estate or involves an asset of the bankrupt estate. These arguments are plainly wrong.

---

[1] The debtor's Chapter 11 reorganization plan was confirmed in late 2011, but the bankruptcy case was not closed until June 2014.

No. 14-20024

First, 28 U.S.C. § 1334(b) explicitly grants "the <u>district courts</u> . . . original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b) (emphasis added).  Under this framework, district courts have Article III jurisdiction over bankruptcy cases and proceedings.  The bankruptcy courts are within the district courts' purview, and cases are assigned to the bankruptcy courts by way of referral from a district court.  *See* 28 U.S.C. § 157(a).  Normally, cases are automatically so assigned pursuant to local court rules.  *Id.*  At most, the district court arguably could have referred this case to the bankruptcy court pursuant to Local Rules of the Southern District of Texas.  S.D. Tex. General Order 2012-6.  Any such failure to refer, however, is not raised before us and in any event is not jurisdictional.

Infopia mistakenly relies on *In re Canion*, 196 F.3d 579 (5th Cir. 1999) and *In re Tidewater Group, Inc.*, 63 B.R. 670 (Bankr. N.D. Ga. 1986), in contending that the district court lacks jurisdiction if a case will have a conceivable effect on a bankruptcy estate.  In each case, the court found that because a dispute had some "conceivable effect" on, and was thus "related to" the bankruptcy, the bankruptcy court had jurisdiction.  Neither case restricts, or even directly addresses, the jurisdiction of the district court, and neither dictates the outcome here.  Infopia also mistakenly argues that *In re Duval Cnty. Ranch Co.*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994), supports its argument that under 28 U.S.C. § 1334(e) the district court is divested of jurisdiction over the question whether an asset is property of the debtor's estate.[2]  In *Duval County*, however, the issue concerned jurisdiction as between

---

[2] Section 1334(e) states that "[t]he <u>district court</u> in which a case under Title 11 is commenced or pending shall have exclusive jurisdiction: (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate. . ." § 1334(e)(1) (emphasis added).

the bankruptcy court and a state court to adjudicate property of the estate. *Id.* The bankruptcy court concluded that it retained exclusive jurisdiction and refused to remand the case to state court. Nothing in *Duval County* compels the conclusion that a federal district court lacks jurisdiction over these types of cases.

Consequently, the district court had jurisdiction over this case.

## IV.

Wellness Wireless next argues that the district court abused its discretion when it concluded that under Federal Rule of Civil Procedure 19, Diabetes America was a necessary and indispensable party that could not be joined because it was in bankruptcy.

Rule 19(a) governs joinder of necessary parties and states in part:

> (a) Persons required to be joined if feasible.
>     (1) *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: . . . (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B)(ii).

The district court's ruling implied its concern that failure to join Diabetes America could subject Infopia to the risk of multiple or inconsistent liabilities. The undisputed facts, however, establish that Diabetes America has no further claim based upon the promissory note. After receiving the $300,000 settlement payment in 2010 from Infopia, Diabetes America neither listed such a claim on its bankruptcy schedules nor retained any claim to recovery on the promissory note in its reorganization plan. Further, when asked explicitly by the district court

in late 2013 whether the debtor's estate retained any right to collect under the promissory note, the representative of the bankruptcy plan's agent stated to the district court that he did not believe the debtor had any rights under the promissory note. Diabetes America has no interest in the promissory note, and Infopia cannot be subject to additional liability to Diabetes America or the purchaser of its assets.

Moreover, to the extent Infopia urges joinder of Diabetes America to prevent Infopia's inconsistent, additional liability to Wellness Wireless, its position is misplaced. If the court below concludes that the promissory note was not validly assigned to Wellness Wireless, or if the court upholds Infopia's other defenses, Infopia will prevail. If the court, however, concludes that the assignment was valid, and that Infopia was on prior notice of the assignment, then Infopia may have knowingly paid the wrong party to begin with. *Holloway-Houston, Inc. v. Gulf Coast Bank & Trust Co.*, 224 S.W.3d 353, 361 (Tex. App.—Houston [1st Dist.] 2006). Infopia's dual liability would be self-inflicted. Joinder of Diabetes America is irrelevant to the ultimate outcome, although that company's representative must be considered a likely witness.

## V.

That this dispute has persisted for nearly five years in three court cases seems to make little sense. Perhaps the district court can bring the present case to a speedy conclusion. For the foregoing reasons, we must, unfortunately, REVERSE and REMAND for further proceedings.

**REVERSED and REMANDED.**